# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

MARCUS RANDALL

VERSUS

BOARD OF SUPERVISORS OF SOUTHERN
UNIVERSITY AND A&M COLLEGE, LOUISIANA
HIGH SCHOOL ATHLETICS ASSOCIATION,
LOUISIANA HIGH SCHOOL COACHES
ASSOCIATION, HERMAN BRISTER, JR.,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE SOUTHERN
UNIVERSITY LAB SCHOOL, EDDIE BONINE,
TERENCE WILLIAMS

**AUGUST 23, 2021**

In Re:     Board of Supervisors of Southern University and A&M
           College and Herman Brister, Jr., applying for
           supervisory writs, 19th Judicial District Court,
           Parish of East Baton Rouge, No. 662073.

**BEFORE:    WHIPPLE, C.J., CHUTZ AND HESTER, JJ.**

   **WRIT GRANTED.** The district court's January 21, 2021 judgment denying the motion for partial summary judgment filed by Defendants, Board of Supervisors of Southern University and A&M College and Herman Brister, Jr., is hereby reversed. A defamation claim requires the plaintiff to prove (1) a false and defamatory statement about another; (2) an unprivileged publication to a third party; (3) fault (actual or implied malice); and (4) injury. **Bindom v. Kirby**, 2018-0009 (La. App. 1st Cir. 4/23/19), 276 So.3d 550, 555, citing **Kennedy v. Sheriff of E. Baton Rouge**, 2005-1418 (La. 7/10/06), 935 So.2d 669, 674. Defendants successfully pointed out to the court the absence of factual support for the first element of Plaintiff's defamation claim: a false and defamatory statement. At that point, the burden shifted to Plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Plaintiff failed to do so; therefore, Defendants are entitled to summary judgment on this issue. As to Plaintiff's 42 U.S.C. § 1983 deprivation of liberty claim against Mr. Brister, we find that qualified immunity applies. Although it is doubtful that Plaintiff will be able to prove each of the elements of his 42 U.S.C. § 1983 claim at trial, Mr. Brister established that his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See **Pearson v. Callahan**, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009), quoting **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Therefore, it was incumbent upon Plaintiff to present controlling authority that "defines the contours of the right in question with a high degree of particularity." See **Wigginton v. Jones**, 964 F.3d 329,335 (5th Cir. 2020), cert. denied, ___ U.S. ___, 141 S.Ct. 1268, 209 L.Ed.2d 10 (2021). Plaintiff failed to establish that Mr. Brister is not entitled to qualified immunity, and therefore, that Mr. Brister is not entitled to judgment as a matter of law. Accordingly, Defendants' motion for partial

summary judgment is granted. The claims asserted by Plaintiff, Marcus Randall, against Defendant, Herman Brister, Jr., are dismissed with prejudice, and the defamation claim asserted by Plaintiff, Marcus Randall, against Defendant, Board of Supervisors of Southern University and A&M College, is dismissed with prejudice.

**VGW**
**WRC**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT